For the record, the next case call for oral argument is People v. Boaz. Counsel, whenever you're ready. May it please the court. Counselor, my name is Lawrence O'Neill and I represent the appellant Michael Boaz in this matter. In 2007, Mr. Boaz pled guilty to two counts of aggravated criminal sexual abuse. He was sentenced to concurrent terms of seven years in prison to run consecutively to another offense from Eppingham County. He filed a motion to withdraw the guilty plea which was denied. The appeal had this court affirm the circuit court. This appeal is from the trial court's denial of Mr. Boaz's pro se motions for credit against his sentence for time spent in pretrial custody. I ask this court to vacate outright the fines that were imposed against Mr. Boaz. At sentencing, the trial court The state's conceded that the circuit clerk can't impose the fines and that we need to vacate them. So that's really not an issue anymore, right? Very good. That's correct, Your Honor. So the question really is whether this court should remand the case for imposition of the fines. Well, don't we have to remand? No, Your Honor. The state refers to a rule that existed prior to People v. Casselberry. And before Casselberry, the rule was when the circuit court improperly imposes fines, the proper remedy was to vacate the clerk's improper imposition and remand for the trial court to impose statutorily mandated fines. However, that is no longer the law after Casselberry. Casselberry is in no light of the abolished avoid-sentence rule. However, Casselberry also held that an appellate court may not address a request by the state to increase a criminal sentence that is illegally low. Casselberry, founded by abolishing the avoid-sentence rule, abrogated the authority of the appellate court to increase a sentence, and since a fine... But they also held that where a defendant appeals, the appellate court can remand for proper sentencing. I mean, you can't increase the sentence that the defendant got, but as long as the defendant has appealed, we can remand for imposition of the proper sentencing under Casselberry. Your Honor... You disagree with that? I disagree with that. And I cited 3 cases in my reply brief, and I had pending a motion to cite additional authority of the People v. Garrison in the 2nd District. The trial court did not impose fines, so his sentence did not include fines. So, therefore, if the case is not remanded with directions from the trial court to impose these fines, there would be an increase in Mr. Bose's sentence that currently does not have fines. Not if the fines were statutorily mandated.   there would be an increase in Mr. Bose's sentence. Your Honor, I disagree. That would result in an increase in Mr. Bose's sentence. And Casselberry and these other cases that I cited in my reply brief hold that in Waco-Casselberry, in the abolishment of the Void Sentence Rule, the state's remedy to impose these fines would be to file a petition for rid of Van Davis to get an order for the trial court to impose these fines. Well, the Supreme Court has just ruled in what I call Casselberry 2 on the mandamus petition that was filed regarding Casselberry 1, the case you're discussing, right? That's correct. So the court in, let's call it Casselberry 1 for what we're talking about, Casselberry 1 said that the state could file a mandamus because that's the only way to order an official, public official like that, to do what is correct. But there's an entire line of, and that was just done in Casselberry 2, but there's an entire line of cases that also says that where the defendant appeals, the appellate court can remand for imposition of the appropriate sentence once it has dealt with the defendant's appeal. Do you disagree with that? I disagree with that, Your Honor, and I'll just encourage... Your Honor, I wish I would have brought those cases. I'll just encourage Your Honors to read and consider the three cases that I cited in my reply brief, Wade and Walker and Burnett, the third district cases. And it says that there's going to be an increase of the defendant's sentence and the appellate court cannot address a request by the state, because this would be a request by the state to remand to impose these crimes. Yeah, but it was the defendant's appeal, which is in my mind what makes it a different situation. It's not the state appealing. Your Honor, these cases that I cited, especially Wade and this new case, they discuss this and say that the appellate court, when it's a request by the state, irrespective of it, whether it's the defendant's appeal, the appellate court cannot enter into order to increase the defendant's sentence on appealing. Okay, but I'm not talking about increasing. I'm talking about doing what was supposed to have been done in the first place. For example, if there's a mandatory fine that should have been imposed, then you just don't ignore the mandatory fine because it's a statutory fine, so it wasn't that you're increasing his sentence. It's that it was improperly imposed by someone who had no authority to do it. That's correct. You see what I'm saying? Correct. So you're not really increasing it. You're just doing what should have been done to begin with. Your Honor, these other cases that I cited, they analyze it and say that because the sentence right now does not have a fine, if you send it back for a fine that was never imposed because the circuit courts' imposition of the fines are void, then that would be an increase in the sentence, and Castleberry, by abolishing the void judgment rule, prohibits remanding the case to increase the sentence. Let's suppose you're sentenced on two out of three convictions, and the defendant appeals and the court remands for sentencing. Can they sentence on the third conviction? If a defendant's been convicted of three crimes but is only sentenced on two because the court believes that it shouldn't sentence on three or for whatever reason it doesn't, and the defendant appeals, are you saying that any sentence that would be imposed on that third conviction would be an increase in the defendant's sentence? Well, I'm not sure that would involve a void judgment like we have in this case. But if we're analyzing under the statute. We don't have a void judgment here. Pardon me? We don't have a void judgment. We have a void circuit court. The fines. Yeah, fines, yes. Okay. But, I mean, Castleberry analysis that we have here is that if the remand would increase the sentence, then it could not be imposed. I don't disagree with you. That's withholding. Sure you're not. But, again, the point is that right now the sentence does not include fines. So if it's remanded for the imposition of fines, that would be an increase of his sentence. And my final version of Castleberry is that Castleberry says that an appellate court may not address a request by the state to increase a sentence that is illegally low. Again, the state's remedy is to seek a petition for a writ of mandamus. So we have here three fines that were assessed by the circuit clerk for a total of $80. Those are void. I'm urging your honors to rule that the circuit clerk did not have authority, that those are void. And under Castleberry and his other minor cases, the case should not be remanded for the imposition of fines, and the fines should just be vacated outright. Any further questions? Vacated and the judgment affirmed. Pardon me? We just vacated and affirmed the remaining judgment. Correct. Vacate the fines. Vacate the fines. Right. What about the credit for the time in custody? What's your argument? Are you going to argue that? Well, I agree that my primary argument is that it shouldn't be remanded for any types of credit assessments anyway, but I agree with the state that he should not receive these $5 per day credit against his sentence. I agree with that. You do agree with that? Yes, I do. Okay. Thank you, counsel. Counsel? May it please the Court. Counsel, my name is Sharon Shanahan, and I represent the people of the state of Illinois. As Justice Cates noted, there's a lot that is not disputed in this case. The parties agree that a circuit clerk doesn't have authority to impose fines, and in the second issue, the parties agree that this, although there was a judgment interfered for that was labeled restitution, it wasn't restitution. It was a sex offender risk evaluation. So what it comes down to is, as far as the circuit clerk imposing the fines, do you remand or vacate? And as far as the second issue, the only question is whether a sex offender risk evaluation is a fine or a fee. Addressing the first issue, there is a very definite split in the districts on the issue of whether fines imposed by a circuit clerk. We agree that it's wrong, but the split is, do you remand it for appropriate imposition of the fine by the court, or do you simply vacate it? And it looks like things are coming, split right down the middle. As counsel for the defendant notes, Wade, Walker, Burnett, and Vara say that the district lacks authority to order the trial court to impose the fines. Vara says that the fine is part of the sentence, and the rule that a sentence that does not conform to statutory requirements is void and may be challenged at any time was overruled by Casselberry. Some quick research this morning showed a couple more cases that have sided with the position set forth by the defendant. On the other hand, the state has cited three briefs, three cases taken, Mister and Hybel, that say that these cases should be remanded for imposition of fines by the circuit court, and it looks like there are three more that have sided with the position set forth by the state. Now, counsel for the defendant has argued to this court why he believes that vacation is the proper thing, and I'd like to take my time to explain to you why I believe that remand for imposition of these fines is proper, and that is this, is that pretrial Casselberry said that the trial court orders can be void for three reasons, lack of personal jurisdiction, lack of subject matter jurisdiction, and the void sentence rule. Casselberry did away with the void sentence rule. So now, if a trial court has subject matter jurisdiction and personal jurisdiction, then an illegal sentence, for example, a mandatory 15-year gun enhancement, that sentence is not void because the trial court had subject matter jurisdiction, the trial court had personal jurisdiction. So after Casselberry, the rule is the sentence is not void, and the only remedy is mandamus or a request for supervisory order. Now... Is that true even where the defendant files an appeal? I'd love to agree with you, but I think counsel for the defendant is right. Yes, I think I know Casselberry even if the defendant raised it. Because there's case law of the contrary. I mean, because it seems to be that the reasoning is that since it was the defendant who filed the appeal as opposed to the state, that the defendant's appeal where he gets set aside certain matters allows the appellate court then to remand it for correction of the sentencing. So it's not an enhancement. I mean, there is law of the contrary. My argument to this court is that it should be remanded. The case law that you are referring to, I am not familiar with, but nonetheless, I do think the important distinction here is that in the Casselberry line of cases, we have a trial court entering an illegal order, but it is no longer a void order. Is it void or both under Casselberry? Yes, I would think so. So now it's voidable. So if a defendant challenges that sentence, saying it shouldn't have been an extended sentence, what is the appellate court to do if the defendant challenges it? In the case of a voidable sentence, in a timeframe like this where it's so far after the sentence was imposed, then I think it's voidable. No, I'm talking about if an extended sentence is imposed and within 30 days there's a post-trial motion that's denied and the defendant now appeals that sentence that was imposed incorrectly and we find that, in fact, the trial court erred, are you saying we can't remand it? I guess my question to you before I answer that question is are you referring to a sentence imposed by a trial court or are you referring to a fine imposed by a circuit clerk as is in the case before us? I'm talking about a sentence imposed by a trial court. Well, quite honestly, Your Honor, I can't answer that question. I think the thing that is so distinctive about this particular case is that Castleberry deals with whether a trial court has jurisdiction and if it has jurisdiction, then an order that it enters is not void. On the other hand, if a circuit clerk enters an order imposing fines, that circuit clerk never had subject matter jurisdiction and that circuit clerk never had personal jurisdiction because it's not a court. And so this case is void. The place that's easy to get confused in Castleberry is that under Castleberry, it's not void. If you do away with the void sentence rule, then the court says it's not void if the judge had personal jurisdiction and subject matter jurisdiction. Well, a circuit clerk can never have any kind of jurisdiction. So a fine imposed by a circuit clerk is void from its inception and void judgments can be challenged. And because they are void, this court does have the authority to correct it either on its own or through remand. Ms. Shanahan, which of the fines are mandatory under the law in this case? Had the court entered the proper sentence? Are there any mandatory fines? I would have to look at the sheet. The $900, for example. That's a fee. That's a fee. Was it a mandatory fee? That was for the sex offender evaluation. Evaluation, but is that? I found no statute requiring a sex offender evaluation as a fine or a fee,  however, I think it falls squarely under the Supreme Court's definition in Jones of what is a fee or a cost. A cost does not punish. And the terms cost and fee are kind of used interchangeably. So are you asking this court to remand for imposition of the fee? I believe that the fee can be affirmed because circuit clerks can impose fees. Only fines can. Okay, so I guess I'm confused. What do you want us to remand for? For the trial lawyer to have the opportunity to impose the mandatory fines. And that's what I'm asking you. What are those? I do not have that document in front of me, but they are listed in the record. Okay. Well, okay. Thank you. May I ask just one more question, Justice? Sure, of course. So if I look in the record, I'm going to see what the mandatory fines were that should have been imposed by the trial court at the time of sentencing. Yes, Your Honor. And that there are some. Yes, Your Honor. And that this is my specific amount of it. Yes, like there's a $50. Yes. I forget what it's for, but there's a $50 fee. Correct. That's kind of where I am, Your Honor. There's a $50 fee for or fine for. $50 court system fee, a $20 violent crime victim's assistant fine as opposed to fee. I guess I need. Okay. The court system is a fine. It doesn't say what this is. Medical costs fine of $10. These are mandatory fines. Your Honor, if you would like for me to get the document from my briefcase, maybe I can answer that better. Do you mind? No, of course not. Would you please? I'm just trying to figure out what's mandatory and what's not. I had a list of a total of $80 was the mandatory fines. Well, I have $80, but I don't know which are mandatory. I don't know. I have $80 as well, Justice. What? Yes, I think that's right. I have a court system fee of $50. I believe court, violent crime. $20. And medical costs. But the medical cost is listed as a fine. That's what I was talking about. That's right? Okay. The only one I didn't know then was the violent crime victim's assistant. Is that a fine as well? The $20? Yes. I believe so, yes. That's what my notes indicate. Okay. And the $900 is a? Justice Schwarm was, well, at the F.M. Trial Court, Judge Schwarm specifically addressed this because the defense counsel asked, what is this restitution? I don't remember anything about restitution. And Judge Schwarm said, neither do I. Let me go see. And they took a break, and he came back. And apparently this was the only way they could code it into their computer, was it wasn't restitution. It was the? Fee for the valuation. Which, as is argued in our brief, I say it's all square landed, Jones' definition. It's not going to the benefit of the county. It's not punitive. Under People v. Graves, isn't it a fee only if it's intended to reimburse the state for some cost incurred in defendant's prosecution, meaning that it's a fee that was incurred prior to conviction and that the sentencing phase was afterwards? You know, it's not really even clear, according to my notes, which are far cry from a record. But I think I made good notes. I don't think it's even clear when the sex offender evaluation took place. It's an event that had taken place. Yes. And I would note that the Supreme Court in Jones said, a fee is a charge for labor or services, especially professional services. I don't know what this is, if it's not that. And it certainly did not. A fine is punitive. A cost does not punish. And this certainly is not listed in the sex offender evaluation. It's not listed in Article 9 of Chapter 5 of the code, which is entitled fines, and it would not be payable to the state treasury. So I think we agree that it's not restitution. It is for the sex offender evaluation, and the question is whether it's a fine or a fee. The state believes it's all squirted under their definition of a fee, which the circuit clerk can't answer. Thank you. Thank you. Thank you, Justice. While we can get to that. Sure. Counsel? With respect to the $900 sex offender cost, evaluation cost, this is kind of confusing. It wasn't determined what actually this $900 from the computer-generated payment sheet said was for restitution. At the moment, the motion would draw a guilty plea hearing. The part of the judge and the attorneys talked it over, and they had a discussion, and they realized that it was the circuit clerk imposed sex offender evaluation of $900. Now, I agree that that restitution reflected in the payment sheet is for a sex offender evaluation for $900. However, I'm urging this Court to consider this as a fine rather than a cost, because a fine is part of the punishment for a conviction, and thus part of the sentence. Again, a fine is imposed after the conviction, and whereas a cost seems to compensate, the state for cost occurred during the prosecution. Now, my notes state that there was an open guilty plea. Mr. Boas pled guilty, and the Court ordered a PSI with the sex offender evaluation. So my argument for why that should be a fine is that that sex offender evaluation did not occur during the prosecution of the case, but it was for preparation of the sentencing. There's no authority on it. Neither opposing counsel or I have any authority on what a sex offender evaluation is, whether it's a fine or a fee. But I'm urging this Court to consider it a fine, and if it was a fine, the circuit clerk is the one who imposed this. The minimus in sentencing that Jeff did impose any $900 cost, fine, excuse me, it was the circuit clerk who did it. So if it's a fine, the circuit clerk did not have the authority to impose it, and then we get back to, well, you know, could it be remanded? My argument again is based upon our previous discussion about Cassavery precludes a remand to increase any type of a sentence against a defendant. So I urge Your Honor to vacate outright that $900 fine for the sex offender evaluation. If we consider it a cost, can it be remanded? No, Your Honor. Again, the court sentencing didn't mention not anything about $900. The minimus, the judgment order does not mention that. But this was part of the order of the court preparing for a sentence? Correct. So why wouldn't it be a cost? Again, Your Honor, it is prepared for, again, I'm trying to separate a, I'm trying to determine whether it's a fine or a remand. Exactly. Okay. Right. And my position is, again, there's no authority, is it because it was ordered after the guilty plea in preparation for the sentence? Right. Yes, okay. Right. And the entire criminal procedure, this whole thing can be appealed. Sentencing is an inherent part of that if you have an action ordered in preparation for sentence and there is not cost as we're using it, but there's a cost for doing it. Sure. Why wouldn't that be a cost as opposed to a fine that would be imposed in a more punitive nature? Well, Your Honor, the, again, I'm trying to, it's a very. I understand you're trying to form a line of impartation. I am. I have no authority for it. Right. And I'm just basing my argument upon some case law that analyzes what's the difference between a fine and a cost. So that's my position, Your Honor. Sure. And I have no authority for it, but I'm urging this court to rule that way, that it was a fine. No, and I understand that you don't have any authority for it. I was trying to prove the rationale based on the sequence of events and where this action resulting in some sort of, quote, unquote, cost occurred. Well, it occurred after plea of guilty. After plea of guilty, prior to sentencing, in preparation of sentencing. That's correct. Okay. In respect to the bigger picture about Casselberry community, again, in my reply brief, I cited three cases, and Walker, Burnett, and Wade, and I have a pending case that decided to issue a court order there. And those cases I won't. We'll grant that, and counsel, you may reply to that citation of authority. You're at 21 days to do that. I'm sorry? 21 days? Yes. 21. To respond. In summing up, then, there was cases that I cited in my reply brief, and Vera are very well reasoned, very thoughtful analysis of Casselberry's application to this situation on remanding a case, precluding the State from seeking a higher sentence on fines after a remand. And I just urge this Court to follow those cases and vacate these fines outright without a remand. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the case under advisement.